IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr385-MHT |
| | ) | (WO) |
| CURTIS JURVISKY JULIUS | ) | |

OPINION AND ORDER

This case is before the court on defendant Curtis
Jurvisky Julius's motion for compassionate release.
Julius seeks release pursuant to 18 U.S.C.
§ 3582(c)(1)(A) for several reasons: the danger he
faces from the novel coronavirus pandemic as a Black
person suffering from Type 2 diabetes; the difficulty
of avoiding infection in prison; and the need for him
to serve as a caregiver for family members due to their
poor health.  While the court is sympathetic to his
medical concerns and his family members' situation, the
motion will be denied for the reasons explained below.

Julius is serving a total sentence of 108 months
imprisonment stemming from this case and a separate
revocation proceeding.  In this case, he received a

sentence of 84 months for a conviction of being a felon in possession of a weapon, in violation of 18 U.S.C. § 922(g)(1). On the same day, he received a sentence of 24 months in a separate revocation proceeding for committing four criminal offenses, possessing a firearm and ammunition, and failure to report. *See* 2:07cr316-LSC (M.D. Ala. May 23, 2018) (doc. no. 186).[*] The sentences in both cases were ordered to run consecutive to each other. He has been in federal custody since August 23, 2017, and his current anticipated release date is August 9, 2024. He is serving his time in a high-security prison.

Julius, who is 34 years old, was diagnosed with type-II diabetes in 2018. While he receives medication for it, his diabetes has not been well controlled. The parties dispute whether that is because of his noncompliance or due to the quality of medical care he has received in prison. He also asserts that his

---

[*] Julius has not moved for a sentence reduction in the revocation proceeding, and the court cannot reduce the revocation sentence via a motion filed in this case.

2

mother, father, and brother-in-law have serious health conditions and need his assistance as a caregiver.

Julius seeks compassionate release under 18 U.S.C. § 3582(c)(1), which authorizes a court to modify a term of imprisonment in only certain limited circumstances. As relevant here, it states:

> "[T]he court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A).   By using the word "may," the statute clearly vests courts with discretion to grant a reduction if the stated conditions are met;

however, it requires that the exercise of that discretion be informed by consideration of the factors in 18 U.S.C. § 3553(a) to the extent they are relevant, in addition to the other requirements of the statute.

The "applicable policy statement" with which relief under § 3582(c)(1)(A) must be consistent is found in Guideline 1B1.13 of the United States Sentencing Guidelines. *See* U.S. Sentencing Commission, 2018 Guidelines Manual (hereafter "U.S.S.G."), § 1B1.13(2). Guideline 1B1.13 mirrors § 3582(c)(1)(A) in that it provides that a court may reduce a term of imprisonment if the court determines that "extraordinary and compelling reasons warrant the reduction" and that the reduction is consistent with the policy statement, but it also requires that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). In an application note to the policy statement, the Sentencing Commission provides the following categories of "extraordinary and compelling

4

circumstances": (A) a medical condition of the defendant, (B) the advanced age of the defendant, and (C) the defendant's family circumstances. U.S.S.G. § 1B1.13 cmt. n.1. The Commission also included a 'catchall' provision where the Director of the BOP finds "other reasons" exist that are "extraordinary and compelling." U.S.S.G. § 1B1.13 cmt. n.1(D). The medical conditions that qualify include a terminal illness, *see* U.S.S.G. § 1B1.13, comment n.1(A)(i); and a serious physical or medical condition, serious functional or cognitive impairment, or aging-related deteriorating physical or mental health "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, comment n.1(A)(ii).

The court assumes for purposes of analysis that Julius has met the exhaustion requirement in § 3582(c)(1)(A); that his uncontrolled Type-II diabetes in the context of incarceration during the pandemic

constitutes a "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," *id.*; and that his family members' need for caregiving constitute "extraordinary and compelling circumstances" under the category of either family circumstances or "other reasons" in § 1B1.13. The court nevertheless finds that a sentence reduction is unwarranted because (1) the balance of the applicable § 3553(a) factors strongly counsels against granting him a sentence reduction, and (2) the court cannot find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," § 1B1.13(2).

The court's discretion in deciding whether to grant Julius's motion must be guided by the sentencing factors set forth in § 3553(a). This section requires courts to "impose a sentence sufficient, but not

greater than necessary, to comply with the [following] purposes: ... the need for the sentence imposed—"

> "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> "(B) to afford adequate deterrence to criminal conduct;
>
> "(C) to protect the public from further crimes of the defendant; and
>
> "(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a)(2).   The statute provides additional factors for the court to consider in sentencing, such as "the nature and circumstances of the offense and the history and characteristics of the defendant" and the types of sentences available.   18 U.S.C. § 3553(a)(1),(3); *see also* § 3553(a)(4)-(7).

Applying these factors to the case at hand, the court finds that a sentence reduction would be inappropriate.   The nature and circumstances of the offense call for significant punishment.   Julius was not merely found in possession of a weapon:   he used

7

the weapon to shoot at three people.  The history and characteristics of the defendant also weigh strongly against a sentence reduction.  Julius has a lengthy record of convictions for violent offenses, including assault, robbery, discharging a gun into an occupied residence, and reckless endangerment (involving shooting at a building and vehicle).  *See* Presentence Investigation Report (doc. no. 93) at 10-13.  Most of his criminal history involves not only violence, but also the possession and/or use of guns.  This history is not remote: while some of his offenses are from more than 10 years ago, he spent much of those 10 years in and out of prison, and his most recent arrest, for the shooting underlying this case, happened less than four years ago.  In addition, before the instant conviction, he had already been convicted of being a felon in possession of a weapon and sentenced to serve 50 months in prison; when released, he repeatedly violated supervised release and was revoked three times for committing new, violent criminal offenses.  He seems to

have little respect for the law or for the rights of others.  Given these facts, the court cannot say that the time-served sentence Julius requests would be "sufficient, but no greater than necessary ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;  ... to afford adequate deterrence to criminal conduct; ... [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2).

The court has considered that, were it to reduce Julius's sentence to time-served, it could impose supervised release with home confinement for a term equivalent to the length of "the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A); *see also* 18 U.S.C. § 3553(a)(3) (requiring consideration of the kinds of sentences available).  However, in light of his repeated defiance of previous orders of this court, the court does not consider this a viable or safe option.  Finally,

assuming that Julius's need for effective medical care weighs in favor of release, that need is outbalanced by the aforementioned factors on the other side of the scale.

For much the same reasons, the court is not convinced that Julius "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. §1B1.13(2). Section 3142(g) sets forth factors courts must consider in deciding "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." These include, among others, "the nature and circumstances of the offense charged, including whether the offense ... involves a ... firearm; ... the history and characteristics of the person; ... [and] the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id*. In Julius's favor, he reportedly has a supportive wife, has a good disciplinary record in

prison, and has availed himself of rehabilitative programming during his incarceration. However, his lengthy history of violent offenses--which as discussed above is not remote in time--strongly suggests that he continues to be a danger to others. His evidence of rehabilitation is simply not convincing enough at this point to outweigh that history.

***

Accordingly, it is ORDERED that defendant Curtis Jurvisky Julius's motion for compassionate release (doc. no. 114) is denied.

DONE, this the 22nd day of September, 2020.

　　　　　　　　　　　　　　　<u>/s/ Myron H. Thompson</u>
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**